KELLER TRUCKING, INC., Plaintiff,

Contract Carrier Conference of American Trucking Associations, Inc., Intervening Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

No. 73–292–Civ–JE.

United States District Court, S. D. Florida.

Jan. 29, 1974.

Pestcoe & Payton, Miami, Fla., Todd, Dillon & Sullivan, Washington, D. C., for plaintiff.

Fritz R. Kahn, U. S. Atty., for defendants.

Before DYER, Circuit Judge, EATON and ROETTGER, District Judges.

## MEMORANDUM OPINION and ORDER

In this action, filed under 28 U.S.C. §§ 1336 and 2321–2325, plaintiffs seek to set aside a decision and order of the Interstate Commerce Commission denying Keller Trucking, Inc.'s application for a permit authorizing operation as a contract carrier by motor vehicle. Oral argument was heard by this Three-Judge Court on December 17, 1973.

On July 6, 1970, Keller Trucking, Inc. filed its application under Section 209 of the Interstate Commerce Act, 49 U.S.C. § 309, for a contract carrier permit. Keller Trucking, Inc. sought to provide transportation services to Keller Industries, Inc., and Keller Industries, Inc.'s wholly-owned subsidiaries pursuant to the terms of a contract between Keller Industries, Inc., and Keller Trucking, Inc.

On October 14, 1971, the Interstate Commerce Commission ruled that Keller Trucking, Inc. had failed to establish that it qualified as a contract carrier by motor vehicle, as that term is defined in Section 203(a)(15) of the Interstate Commerce Act, 49 U.S.C. § 303(a)(15) [1]. Specifically, the Commission ruled that Section 203(a)(15) was not satisfied because Keller Trucking, Inc. failed to show that it proposed to engage in transportation of property under continuing contracts with a limited number of persons. The Commission held that Section 209(b) required denial of Keller Trucking, Inc.'s application.

After granting a petition for reconsideration, the Commission affirmed denial of Keller Trucking, Inc.'s application on May 8, 1972. Subsequently, the Commission determined that the proceedings involved an issue of general transportation importance. However, on October 24, 1972, the Commission denied Keller Trucking Inc.'s second petition for reconsideration.

▮ In ruling on applications for contract carrier permits, the Commission must first determine whether the applicant satisfies the definition of a contract carrier by motor vehicle under Section 203(a)(15). Once the definitional requirement is satisfied, the Commission must then determine whether the applicant has satisfied the requirements of Section 209(b). In determining whether the applicant's proposed operation will be consistent with the public interest and the national transportation policy, the Commission must consider the five criteria set forth in Section 209(b).

▮▮ In the case at hand, it appears that the Commission erroneously utilized factors in Section 209(b) in initially determining whether the definitional statute was satisfied. The Commission determined that Keller Trucking, Inc. was seeking to serve numerous *shippers* under the guise of serving one *shipper* and its subsidiaries [see Section 209(b)]. Therefore, the Commission determined that Keller Trucking, Inc. could satisfy 203(a)(15) only by showing that it proposed to engage in transportation of property under continuing contracts with a limited number of *persons*. However, the relevant considerations under Section 203(a)(15) are the number of contracts and the number of *persons* contracted with by the person engaged in transportation by motor vehicle.

In ruling as it did, the Commission failed to consider, or failed to rule upon, the question of whether Keller Trucking, Inc. satisfied Section 203(a)(15) by virtue of having entered into a continuing contract with *one person* for the transportation of property.

Therefore, this Court must reverse the Commission's denial of Keller Trucking, Inc.'s application for a contract carrier permit and remand this cause to the Commission for further consideration of the application.

On remand, the Interstate Commerce Commission shall consider, and shall rule upon, the question of whether Keller Trucking, Inc.'s contract with Keller Industries, Inc. is a contract with one person for purposes of Section 203(a)(15) and the Commission shall set forth its reasons for its ruling in that regard. Further, the Commission shall enter all other rulings necessary for final disposition of Keller Trucking, Inc.'s application for contract carrier permit.

---

1. "(15) The term 'contract carrier by motor vehicle' means any person which engages in transportation by motor vehicle of . . . property in interstate or foreign commerce, for compensation . . ., under continuing contracts with one person or a limited number of persons . . .."