KELLER TRUCKING, INC. and Contract Carrier Conference of American Trucking Associations, Inc., Petitioners,

v.

UNITED STATES of America and Interstate Commerce Commission, Respondents.

CRETE CARRIER CORPORATION, Petitioner,

v.

UNITED STATES of America and Interstate Commerce Commission, Respondents (two cases).

Nos. 75–1412, 75–1624 and 75–1876.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 8, 1976.

Decided Nov. 11, 1977.

Rehearing Denied Dec. 8, 1977.

Bernard C. Pestcoe, Miami, Fla., and William P. Sullivan, Washington, D.C., for petitioners.

Kenneth G. Caplan, Atty., I.C.C., Washington, D.C., with whom Arthur J. Cerra, Gen. Counsel, Charles H. White Jr., Associate Gen. Counsel, I.C.C. and Carl D. Lawson, Atty., Dept. of Justice, Washington, D.C., were on brief, for respondents. Richard H. Streeter, Lloyd John Osborn, Frederick W. Read, III, Attys., I.C.C., John H. D. Wigger, Michael J. Pugh and Robert B. Nicholson, Attys., Dept. of Justice, Washington, D.C., entered appearances for respondents.

Before BAZELON, Chief Judge, and LEVENTHAL and MacKINNON, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

These cases present the question of when a far-flung conglomerate should be considered "one person or a limited number of persons" for purposes of Section 203(a)(15) of the Interstate Commerce Act, 49 U.S.C. § 303(a)(15).

Section 303(a)(15) defines a "contract carrier by motor vehicle" as "any person which engages in transportation by motor vehicle of passengers or property in interstate or foreign commerce, for compensation . . under continuing contracts with one person or a limited number of persons . . . ." In the *Keller* case, Keller Trucking, Inc. (Keller) applied under 49 U.S.C. § 309 for a contract carrier permit. Keller sought to provide transportation services to the conglomerate Keller Industries, Inc., and to Keller Industries, Inc.'s wholly-owned subsidiaries, pursuant to the terms of a contract between Keller Industries, Inc. and Keller. The Interstate Commerce Commission (ICC) denied Keller's application on the grounds that Keller was in fact seeking to serve numerous *shippers*.

A three-judge District Court for the Southern District of Florida set aside the Commission's decision. *Keller Trucking, Inc. v. United States*, 374 F.Supp. 848 (S.D. Fla.1974). The District Court held that the ICC should not have applied the criterion of the number of shippers Keller sought to serve, since that criterion was derived from 49 U.S.C. § 309(b), and was not commensurate with the "one person or a limited number of persons" criterion of § 303(a)(15). The Court remanded the cause to the ICC, requiring it to determine whether Keller's contract with its parent "is a contract with one person for purposes of Section 203(a)(15) . . . ." *Id.* at 849.

On remand, the ICC determined that Keller was seeking to serve more than a limited number of persons, and again denied authority. Keller was of the view that the Commission action on remand failed to follow the District Court's instructions, and filed a motion to enforce or set aside in that court. As the procedure for review of Commission decisions had in the interim been changed by Pub.L. No. 93–584 making the U.S. Courts of Appeals the statutory reviewing authority in lieu of three-judge District Courts, a petition for review was likewise filed here. Subsequently, the District Court declined to retain jurisdiction, and this court denied a motion for transfer to that court.

■ We agree with the three-judge court's approach, that the word "person" as used in Section 303(a)(15)'s phrase "one person or a limited number of persons" is conceptually distinct from the word "shipper" as used in Section 309(b)'s phrase "number of shippers to be served." One corporate person could have numerous branches or warehouses, and therefore multiple shippers. However, we are satisfied that the Commission on remand in *Keller* bridged this definitional gap in a manner which is

rational, is in keeping with earlier policy, and is appropriate to the application of § 303(a)(15).

The ICC claims that since enactment of the relevant statutory amendments in 1957, it has consistently applied a "single class of shippers" test to determine whether a conglomerate is "one person or a limited number of persons" for contractual purposes under § 303(a)(15). Six factors are considered, including:

1) the different types of commodities transported
2) the territory in which operations are conducted
3) the peculiar services provided by the carrier
4) the similarity in the services performed for the various shipper companies
5) the corporate nature of the affiliated companies
6) the economic objectives and benefits which the redefinition of contract carriage by the 1957 legislation sought.

The "single class of shippers" test suggests that the ICC will determine whether a parent corporation is "one person or a limited number of persons" on the basis of whether its parts are in need of essentially similar motor carrier services. Thus, a holding company with many subsidiaries all engaged in the grocery business or the sale of appliances is far more likely to be treated as an entity for contract purposes under § 303(a)(15), regardless of organizational form, than a conglomerate engaged in disparate activities.

The ICC's "class of shippers" test does not merely count the total number of shippers, or points of origin, but attempts to determine the number of distinct types of carriage sought by an applicant. If the panoply of services required is great, the Commission will deem the conglomerate not "one person or a limited number of persons" for contractual purposes under § 303(a)(15). This approach acknowledges that Congress intended by that section to restrict the range and diversity of services a contract carrier could perform so as to pre-serve the distinction between contract carriage under 49 U.S.C. § 303(a)(15), and common carriage under § 303(a)(14).

■ As tested by that standard, we hold the result in the *Keller* case to be rational, and, given the imprecise terms of the statute, to lie properly within the realm of the expertise and discretion of the ICC. On these facts, we will not disturb the Commission's result.

In the *Crete* case, a permit for motor contract carriage was sought by Crete Carrier Corp. to serve Liggett & Myers, Inc. [L & M], Allen Products Company, Inc., a wholly-owned animal food subsidiary of L & M, and the Grissmer household products operation, an unincorporated division of L & M. Prior to September of 1972, L & M and Allen maintained separate contracts with Crete. The denied applications herein at issue would have permitted Crete to contract with L & M as the sole "person" on behalf of L & M, Allen, and Grissmer.

Crete had once before been in a circumstance where its application for additional carriage jeopardized its status as a contract carrier by constituting service to more than a limited number of persons. Then as now, L & M and Allen were found by the ICC to be two separate and distinct persons and hence separate contracting parties, despite the parent-subsidiary relationship. The ICC's decision was upheld by a three-judge District Court. *Crete Carrier Corp. v. United States*, No. CV–73–L–268 (D.Neb. September 26, 1974), aff'd, 420 U.S. 958, 95 S.Ct. 1345, 43 L.Ed.2d 435 (1975).

No. 75–1876 deals with requested authority to carry animal food ingredients from points around the U.S. to Mattoon, Illinois. The Commission granted this unopposed petition subject to a finding that the contracting party was not L & M, the parent, but rather Allen, the subsidiary. No. 75–1624 involves ICC refusal to treat many outstanding authorities as all arising under a single contract for carriage with L & M. That case also contains Crete's protest of ICC refusal to treat a contract for carriage of materials for the Grissmer Division of L

**150**

& M as arising under a contract with the parent corporation. These two petitions for review have been consolidated.

We need not here determine whether the doctrine of collateral estoppel applies to the determination in the case cited above that L & M and Allen are separate persons for the purpose of contract carriage by motor vehicle under § 303(a)(15). The ICC's examination and analysis, and its decision in this matter, is reasonable, consistent with results in earlier cases, and within that agency's sphere of expertise. As in *Keller*, the ICC herein decided whether L & M and its affiliates were "one person or a limited class of persons" for the purposes of § 303(a)(15) by determining whether they constituted one class of shippers. As in No. 75–1412, we have little difficulty in finding that the ICC rationally applied this test in these particular factual circumstances and correctly determined that L & M and its subsidiaries were not a single class of shippers, and for that and other reasons are not one person nor a limited number of persons.

*Affirmed.*